IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                        PLAINTIFF

       v.                          Civil No.  11-3020

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION; JACQUELINE A. BERRIEN,
Chairman, Equal Employment Opportunity
Commission                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Dale B. Adams (Adams), filed this complaint against the Equal Employment

Opportunity Commission (EEOC) and Chairman Berrien under the provisions of the Freedom

of Information Act (FOIA), 5 U.S.C. § 552 and the Administrative Procedure Act (APA), 5

U.S.C. § 701.  Plaintiff maintains the EEOC has failed to provide him all documents in reference

to a charge of discrimination that he made against Tyson Foods, Inc.

### 1.  Background

On April 14, 2009, Plaintiff filed a charge of discrimination with the EEOC against his

former employer, Tyson Foods, Inc.  The charge was designated as #846-2009-28101.  On April

30, 2009, a right to sue letter was issued and the charge was dismissed.

According to Plaintiff, he made over ten FOIA requests and appeals to the EEOC in an

attempt to obtain all documents associated with his EEOC charge.  Plaintiff alleges the EEOC

violated both the FOIA and the APA by failing to timely respond to Plaintiff's requests for

expedited processing.

Exhibits submitted by the EEOC indicate that on October 2, 2009, it received in the Little

Rock office, an FOIA request, dated September 30, 2009, from the Plaintiff asking for "all of the

-1-

documents I have sent to the EEOC in reference to complaint #846-2009-28101." *Defendants'*
*Exhibit* (hereinafter *Defts' Ex.*) 1.  The Plaintiff's request did not mention expedited processing.
*Defts' Ex.* 1.  FOIA requests for charge file information located in the Little Rock Area Office
must be submitted to the regional attorney in the EEOC's Memphis District Office.  29 C.F.R.
§ 1610.7.

The request was forwarded to the Memphis District Office.  On October 8, 2009, Plaintiff
was notified that he would have to provide a copy of a federal court complaint in order to obtain
the requested documents.  *Defts' Ex.* 2.  By email dated that same day, Plaintiff provided the
EEOC with a copy of his federal court employment discrimination complaint.  *Defts' Ex.* 3.

By letter dated November 5, 2009, Katharine Kores, the director of the Memphis District
Office, notified Plaintiff that his request was being granted in part but that certain documents
were being withheld pursuant to 5 U.S.C. § 552(b)(5).  *Defts' Ex.* 4.  Specifically, the following
documents were withheld: portions of a one page Recommendation Memorandum, EEOC Form
291, dated April 29, 2009, from Investigator Lynda Fier to Wanda Milton; a portion of case log
entries dated April 27th and April 29th; and a portion of page 4 of a four page telephone
interview dated April 24, 2009.  *Id.*

Plaintiff filed an appeal.  *Defts' Ex.* 5.  The appeal did not request expedited processing.
*Id.*  On December 1st, Plaintiff was notified his appeal could not be processed until he provided
a copy of the district director's determination on the initial FOIA request.  *Defts' Ex.* 6.

On March 18, 2010, Plaintiff was told that the initial determination was reversed in part.
*Defts' Ex.* 8.  With the exception of two sentences in the recommendation memorandum, he was
provided the documents previously withheld.  *Id.*  On December 12, 2011, Plaintiff was provided
with the remaining two sentences.  *Defts' Ex.* 9.  By declaration, Stephanie Garner, assistant legal

-2-

counsel, FOIA, in the EEOC Office of Legal Counsel, asserts that Plaintiff has been provided with all documents related to charge #846-2009-28101.  *Defts' Attachment* 1 at page 3.  She states that no other responsive documents exist.  *Id.*

Defendants were directed to file a reply brief specifically addressing the question of whether they had produced a questionnaire completed by Adams and a copy of his employment discrimination claim.[1]  Defendants filed their reply brief (Doc. 29) including the affidavit of EEOC Investigatory Lynda Fier that attests that these documents were provided to Adams.

### 2.  Summary Judgment Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We view all evidence and inferences in a light most favorable to the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

### 3.  Arguments of the Parties

The EEOC has now moved for summary judgment in its favor.  It argues that all requested documents have been disclosed.  Further, the EEOC asserts that no request for expedited processing was made by Plaintiff.

Adams asserts that this case is "not about the FOIA laws or the APA, it is about a conspiracy of numerous federal agencies working together in an enforcement action of the Patriot Act to intentionally deprive [him] of civil and Constitutional rights to deliberately entrap him

---

[1] The EEOC indicates it did not receive pages one through three of the complaint.  Adams asserts that his fax cover sheet indicates all pages were sent.  Furthermore, he maintains he received no notice that there were missing pages.

with any crime." <u>Doc. 19 at pg. 4.</u>  He also maintains these agencies "are using the court as a willing accomplice for this travesty of justice--to cause deaths." *Id.*

With respect to the FOIA, Adams maintains that the agencies do not comply with his FOIA requests "because they are intent to entrap him with a crime and they are all denying Adams due process of law and any fairness by unlawfully withholding these documents even if it cause[s] the death of his family members."  Doc. 19 at pg. 3.  He asserts that there are still pages of the file he has not received such as the fax cover sheets for documents he sent to the EEOC.  He objects to the EEOC providing the documents piece meal and asks that it be directed to provide him a full copy of his file at the same time.  Adams concedes that he did not request expedited processing.

### 4.  The FOIA

The FOIA was enacted "to facilitate public access to Government documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)(citation omitted).   Subject to certain statutory exemptions, federal agencies "upon any request for records which reasonably describe such records . . . make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  There are nine enumerated exemptions.  5 U.S.C. § 552(b).

In this case, although the EEOC initially claimed some portion of three documents was exempt from disclosure, Adams has now been provided with those documents.  *Miller v. United States Dep't of State*, 779 F.2d 1378, 1383)(8th Cir. 1985)(deference is given to agency affidavits averring that documents have been produced, are unidentifiable, or are exempt; search for documents must be reasonable, but not exhaustive; and burden is on the requester to rebut agency affidavits by showing lack of good faith); *SafeCard Services, Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991)(speculative claims about the existence of other documents cannot rebut

-4-

presumption of good faith afforded agency affidavits).  Adams concedes he has received these documents.

"[T]he production of all nonexempt material, however belatedly, moots FOIA claims." *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002)(nonexempt material produced after the requester filed a FOIA lawsuit); *see also Cornucopia Inst. v. United States Dep't of Agriculture*, 560 F.3d 673, 675 (7th Cir. 2009); *Regional Mgmt. Corp. v. Legal Servs. Corp.,* 186 F.3d 457, 465 (4th Cir. 1999).  In this case, Adams has been provided with all nonexempt material and material that the EEOC initially withheld as exempt.  Defendants are entitled to summary judgment on this claim.

### 5.  The APA

"Under the APA an entity aggrieved by final agency action is entitled to judicial review.  While a presumption exists to permit judicial review of agency decisions, the APA [5 U.S.C. § 704] only allows review where there exists "no other adequate remedy in a court.'" *Central Platte National Resources Dist. v. U.S. Dept. of Agriculture*, 643 F.3d 1142, 1148 (8th Cir. 2011)(internal citations and quotation marks omitted).  The "FOIA specifically bars judicial review of an APA claim where the claimant seeks a court order to produce the same documents under both [the] FOIA and the APA. A party may advance an APA claim as well as another type of claim only if the APA claim does not duplicate existing procedures for review of an agency action. " *Id.*  In this case, the APA claim duplicates the FOIA claim.  Defendants are therefore entitled to summary judgment on this claim.

### 6.  Equal Access to Justice Act (EAJA)Claim

In his EAJA claim, Adams seeks an award of legal fees and costs totaling $10,000.  The FOIA contains its own fee provision.  It provides that "reasonable attorney fees and other litigation

AO72A
(Rev. 8/82)

costs" may be awarded to a complainant who has "substantially prevailed."   5 U.S.C. § 552(a)(4)(E)(i).  Under either the EAJA or the FOIA, *pro se* plaintiffs are not entitled to attorney's fees.  *See e.g., Kay v. Ehrler*, 499 U.S. 432, 437 (1991)(analogous fee shifting provision of 42 U.S.C. § 1988); *Kooritzky v. Herman*, 178 F.3d 1315, 1319 (D.C. Cir. 1999)(EAJA); *Burka v. U.S. Dep't of Health and Human Services*, 142 F.3d 1286, 1290 (D.C. Cir. 1998)(FOIA).

### 7.  Conclusion

For the reasons stated, I recommend that Defendants' summary judgment motion (Doc. 15) be granted and this case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2012.

/s/ *J. Marschewski*

 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-6-